**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

RANDY LEE MORROW

                                        Plaintiff,

Civil No. 19-1127 (JRT/DTS)

v.

          **MEMORANDUM OPINION AND ORDER**

PAUL SCHNELL, Commissioner of Corrections

                                        Defendant.

Bradford W. Colbert, **LEGAL ASSISTANCE TO MINNESOTA PRISONERS, Mitchell Hamline School of Law**, 875 Summit Ave., St. Paul, MN 55105, for plaintiff

Rachel E. Bell-Munger, Assistant Attorney General, **MINNESOTA ATTORNEY GENERAL'S OFFICE**, 445 Minnesota St., Ste. 900, St. Paul, MN 44101, for defendant

In 2013, Plaintiff Randy Lee Morrow entered an *Alford* plea and was convicted of criminal sexual conduct in state court. Morrow was ordered to enter into sex-offender treatment and he refused, arguing that in treatment he would be required to admit to the facts underlying his conviction. Morrow was disciplined for refusing sex-offender treatment and his term of imprisonment was increased by 540 days. Morrow unsuccessfully challenged the discipline administratively and in a state habeas suit; he later unsuccessfully appealed the district court's denial of the habeas petition.

Morrow now alleges that he fears that the Minnesota Department of Corrections ("DOC" or "Schnell") will force him to admit the facts underlying his conviction at some point in the future. The DOC argues that Morrow lacks standing, that his claim is not ripe, that he may not relitigate his state habeas case, and that he failed to state a claim for injunctive relief.

Because Morrow has not demonstrated an injury, a concrete threat of future injury, or a chilling effect on future speech, Morrow does not have standing. The Court will therefore grant the DOC's Motion to Dismiss.

## BACKGROUND

On February 8, 2013, Morrow entered an *Alford* plea to criminal sexual conduct in the first degree. (Am. Compl. ¶ 8, April 26, 2019, Docket No. 5.) An *Alford* plea allows a court to accept a defendant's guilty plea, "even though the defendant maintained his innocence, where the State demonstrated 'a strong factual basis for the plea' and the defendant clearly expressed his desire to enter the plea based on his belief that the State's evidence would be sufficient to convict him." *State v. Theis*, 742 N.W.2d 643, 647 (Minn. 2007) (quoting *North Carolina v. Alford*, 400 U.S. 25, 38 (1970).

The court sentenced Morrow to twelve years in prison. (*Id.* ¶ 9.) Once in prison, Morrow was issued a treatment mandate, directing him to complete sex offender treatment. (*Id.* ¶ 10.) Morrow refused to sign the treatment agreement, arguing that he would be required to admit his offense. (*Id.* ¶ 12.) The DOC held a disciplinary hearing

on the matter and found that Morrow violated the Offender Disciplinary Rules by failing to participate in the Minnesota Sex Offender Program treatment mandate. (*Id*. ¶¶ 14–16.) The DOC imposed an additional 540 days of imprisonment as a result of the violation. (*Id*. ¶ 16.)

Morrow brought a habeas petition challenging this discipline in Minnesota state court. (*Id*. ¶ 19; Aff. of Bradford Colbert ("Colbert Aff.") Ex. A., Aug. 1, 2019, Docket No. 25.) The district court denied the petition, and Morrow appealed. (Am. Compl. ¶¶ 19-20.) The Minnesota Court of Appeals affirmed the trial court. *Morrow v. Roy*, No. A17-0169, 2017 WL 3013423, at *3 (Minn. Ct. App. July 17, 2017), *review denied* (Minn. Sept. 27, 2017). The Minnesota Court of Appeals made several findings relevant here:

(1) <u>The DOC's determination was lawful</u>: "Under prison disciplinary rules, appellant could not refuse to enter into sex offender treatment when asked to do so, and the failure to comply with this requirement could result in his receiving up to 720 days of additional incarceration as a penalty." *Id*. at *1 (cleaned up). Furthermore, "[t]he commissioner had the authority to impose discipline under the circumstances presented, and the record fully supports the commissioner's determination that appellant refused to enter treatment." *Id*.

(2) <u>Morrow's First Amendment claim was not ripe</u>: "Appellant was not disciplined for 'maintaining his innocence,' as he claims, but for refusing to sign an agreement to

receive sex-offender treatment. . . . This issue is premature and not ripe for review, as appellant has not yet been asked to admit to any of his past conduct." *Id*. at *3.

Morrow appealed the Court of Appeals' decision and the Minnesota Supreme Court denied review. (Am. Compl. ¶ 21.)

Morrow brings his current complaint noting that he will be incarcerated until February of 2022 and will be under supervision by the DOC for the rest of his life. (*Id*. ¶ 22.) He alleges that "there is the very real possibility that the Commissioner will seek to punish [Morrow] for refusing to admit his offense." (*Id*. ¶ 23.) Morrow alleges that he has a First Amendment right to deny that he committed the offense for which he is incarcerated, and that he fears the DOC may punish him for exercising that right. (*Id*. ¶¶ 26–28.) Morrow seeks declaratory judgment and injunctive relief prohibiting the DOC from punishing Morrow for refusing to admit his offense. (*Id.* at 5–6.)

The DOC brought a Motion to Dismiss Morrow's Complaint, arguing that the Court has no subject matter jurisdiction because Morrow lacks standing, that his claim is not ripe, that he may not relitigate his state habeas case, and that he failed to state a claim for injunctive relief. (July 2, 2019, Docket No. 12.)

**DISCUSSION**

I. **LEGAL STANDARD**

The DOC brings a motion to dismiss for lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1) and for failure to state a claim under Fed. R. Civ. P. 12(b)(6). As a

rule, the Court must address subject-matter jurisdiction before reaching the 12(b)(6) motion. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998).

"A court deciding a motion under Rule 12(b)(1) must distinguish between a "facial attack" and a "factual attack." *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990). Because the DOC's motion focuses on the factual underpinnings of Morrow's claims, the Court considers it to be a factual attack. As such, "the court considers matters outside the pleadings, and the non-moving party does not have the benefit of 12(b)(6) safeguards." *Carlsen v. GameStop, Inc.*, 833 F.3d 903, 908 (8th Cir. 2016).

## II.    STANDING AND RIPENESS

"Standing is always a 'threshold question' in determining whether a federal court may hear a case." *281 Care Comm. v. Arneson*, 638 F.3d 621, 627 (8th Cir. 2011) (quoting *Eckles v. City of Corydon*, 341 F.3d 762, 767 (8th Cir. 2003)). Morrow "has the burden of establishing that he has the right to assert his claim in federal court." *See id*. (citing *Schanou v. Lancaster Cnty. Sch. Dist. No. 160*, 62 F.3d 1040, 1045 (8th Cir. 1995). Morrow must demonstrate three elements: "(1) that he suffered concrete, particularized injury in fact; (2) that this injury is fairly traceable to the challenged action of defendants; and (3) that it is likely that this injury will be redressed by a favorable decision." *Id*. (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559-61 (1992)).

"It is well-settled that allegations of possible future injury do not satisfy the requirements of Art. III." *Johnson v. Missouri*, 142 F.3d 1087, 1089 (8th Cir. 1998) (cleaned

up).  Instead, the future injury must be "certainly impending" as well as "particular and concrete."  *Id*.  First Amendment claims have somewhat more leeway; in these cases, plaintiffs need not show actual prosecution or threat of prosecution.  *281 Care Comm.*, 638 F.3d at 627.  Instead, "plaintiff needs only to establish that he would like to engage in arguably protected speech, but that he is chilled from doing so by the existence of the statute.  Self-censorship can itself constitute injury in fact."  *Id*.

Relatedly, a claim is not ripe if the alleged injury "rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all."  *Id.* at 631 (quoting *KCCP Trust v. City of North Kansas City*, 432 F.3d 897, 899 (8th Cir. 2005)).

### III. ANALYSIS

Morrow argues that he has standing and that his claim is ripe because (1) the DOC previously punished him for refusing to admit his offense, and (2) there is a substantial risk that the DOC will do it again.  Morrow's argument is unconvincing.

Morrow argues that he was previously punished for refusing to admit his offense, and the fact of prior punishment indicates the likelihood of future punishment.  Morrow does not provide any details about the imminence or concreteness of a possible future injury; instead, he relies on his assertion of a prior harm to demonstrate the fact of future harm.

However, the Minnesota Court of Appeals previously determined that Morrow was not in fact punished for refusing to admit his offense.  "Appellant was not disciplined for

'maintaining his innocence,' as he claims, but for refusing to sign an agreement to receive sex-offender treatment," and furthermore, "appellant has not yet been asked to admit to any of his past conduct." *Morrow v. Roy*, No. A17-0169, 2017 WL 3013423, at *3. Morrow concedes that the Minnesota Court of Appeals made such a finding. However, Morrow argues that the Court should reconsider the issue for itself, and that such a reconsideration is not barred by res judicata.

Res judicata (or claim preclusion) applies when: "(1) the first suit resulted in a judgment on the merits; (2) the first suit was based upon proper jurisdiction; (3) the first suit was fully contested in good faith; (4) both suits involve the same claim or cause of action which was litigated or could have been litigated but was not; and (5) both suits involve the same parties or their privies." *Butler v. City of North Little Rock*, 980 F.2d 501, 504 (8th Cir. 1992) (citations omitted). Res judicata applies to state court proceedings. *Id*. (noting that "federal courts must give state court judgments the same preclusive effect they would be given by other courts in the state from which the judgment emerged.")

Morrow argues that he should not be bound by res judicata because he did not have a full and fair opportunity to litigate this issue. Specifically, he argues that the district court did not grant an evidentiary hearing, and so the Court of Appeals did not have sufficient factual basis to make accurate findings. Morrow disputes several of the Court of Appeals factual findings, including that Morrow was not disciplined for maintaining innocence, but instead for refusing treatment.

While Morrow disagrees with the outcome and findings of the Minnesota Court of Appeals, he may not challenge the results of that litigation here. The very essence of res judicata is that the Court must give full faith and credit to the prior court. *Butler*, 980 F.2d at 503. Morrow has not shown any reason why res judicata should not apply. Accordingly, the Court is bound by the finding of the Court of Appeals that Morrow was not previously punished for refusing to admit to his offense.[1] Therefore, Morrow's argument that past punishment indicates the likelihood of future punishment necessarily fails because Morrow cannot demonstrate past punishment.

As noted above, First Amendment claims do not necessarily require an actual threat of harm. Instead, plaintiff with a First Amendment Claim may show a chilling effect – that a plaintiff would speak but for the fear of harm. Here, however Morrow does not want to speak, and has not alleged any chilling effect. Instead, Morrow has merely presented allegations of a potential future harm, which is insufficient to demonstrate standing. However, the Court notes that Morrow is free to bring his case in the future if the DOC should ever force him to speak, or punish him for failing to admit to his offense.

---

[1] The Court of Appeals also found that Morrow's First Amendment claim was not yet ripe as he had not yet suffered harm. *Morrow v. Roy*, No. A17-0169, 2017 WL 3013423, at *3. Because Morrow now seeks prospective, rather than retrospective, relief, his First Amendment claim is not barred by res judicata.

## CONCLUSION

Because Morrow has not yet shown an injury, a concrete threat of future injury, or a chilling effect on future speech, his claims are not ripe and he has not demonstrated standing. Accordingly, the Court will GRANT Schnell's Motion to Dismiss for lack of jurisdiction.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

Defendant's Motion to Dismiss for lack of jurisdiction [Docket No. 12] is **GRANTED** and Plaintiff's Amended Complaint [Docket No. 5] is **DISMISSED without prejudice.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: February 21, 2020
at Minneapolis, Minnesota.

_____
JOHN R. TUNHEIM
Chief Judge
United States District Court